(129 App. Div. 443.)

WEITZMANN v. A. L. BARBER ASPHALT CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. APPEAL AND ERROR (§ 263*)—GROUNDS OF REVIEW—RESERVATION IN LOWER COURT—EXCEPTIONS—INSTRUCTIONS.

   Where a case is submitted under a charge to which neither party takes exceptions, the findings should not be disturbed unless there was reversible error in the rulings on evidence or in the instructions.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1532; Dec. Dig. § 263.*]

2. TRIAL (§ 251*)—INSTRUCTIONS—APPLICABILITY TO ISSUE.

   In an action to recover for injuries to a child, the question at issue was as to who owned or controlled the property where the plaintiff was injured; and the court charged the jury that, if the accident happened on property owned or leased by defendant, it owed no duty to the child, except not to wantonly injure him, and the only issue was the negligence of defendant. Held, that it was not error to refuse an instruction requested by defendant's counsel that there was no evidence to warrant a finding that plaintiff's injury was willfully inflicted upon him, as the case was not tried on the theory of wanton injury, but of negligence on the part of defendant.

   [Ed. Note.—For. other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

3. TRIAL (§ 194*)—PROVINCE OF INSTRUCTIONS.

   The province of instructions is not to declare whether there is evidence to support findings on matters not in issue, but to inform the jury what the law is in relation to the facts which they are justified in finding under the pleadings and the evidence.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 450; Dec. Dig. § 194.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Richmond County.

Action by Frank C. Weitzmann, Junior, by Frank C. Weitzmann, his guardian ad litem, against the A. L. Barber Asphalt Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Frank V. Johnson, for appellant.

Warren C. Van Slyke (George M. Pinney, Jr., on the brief), for respondent.

WOODWARD, J.   Upon a previous trial of this case the jury found a verdict in favor of the plaintiff for $15,000.  This court unanimously affirmed the judgment, but the case went to the Court of Appeals, where it was reversed for errors in the charge.  Weitzmann v. Barber Asphalt Co., 190 N. Y. 452, 83 N. E. 477.  The case has now been tried a second time, the jury finding for the plaintiff in the sum of $10,-000, from which judgment, and from the order denying a motion for a new trial on the minutes, the defendant appeals to this court.

The defendant occupied certain premises fronting on the waters of New York Bay, between Prospect street and Wave street, Stapleton, Staten Island.  Wave street extends east and west; Sand street is next to it on the south.  Next to the southward is Prospect street.  Wave street and Prospect street extend to the waters of New York Bay, or to a point indicated on the map or diagram in evidence as "Front Street," which is concededly not open as a public highway, and which is mostly covered with water at high tide, while Sand street extends only to the tracks of a railroad running along the margin of the bay. The defendant at a point on Prospect street had erected a hoisting apparatus, and from this apparatus it had put up a wire cable extending diagonally across Front street, and other lands covered by water at high tide, to Wave street.  This cable was used for conveying barrels of asphalt by means of gravity from Prospect street to Wave street, the barrels being hoisted to the proper elevation, attached to the cable by means of a "carrier," and then permitted to slide down the incline to the foot of the line, where the barrels were stored.  Some time prior to the accident for which the plaintiff has recovered, some one found a barge or pontoon floating in the bay, and brought it to a point at or near the foot of Sand street and moored it.  It appears from the evidence that the moorings were such as to permit this pontoon to float about to some extent during high tide, while at ebb tide it rested high and dry upon the beach.  On the day of the accident this pontoon appears to have been directly underneath the cable above described, and about halfway between the point where the barrels were started and the destination.  The plaintiff, a boy of 11 years of age, with two other companions, passed through the defendant's storage lot at about 4 o'clock in the afternoon of the day of the accident, and found the pontoon surrounded by water, at least two feet of water being between the pontoon and the shore.  The purpose of the visit was to fish.  The plaintiff was anxious to precede his companions to the pontoon, and climbed up a plank extending from the shore to a hole in the side of the

barge. He reached the barge, stood up and called to his companions that he was first up, and at that moment he was struck by a barrel coming down the cableway, and knocked into the hold of the barge, sustaining serious injuries. The evidence in its essential particulars does not appear to be different from that which was presented on the former trial, and the questions having been submitted to the jury under a charge to which neither party took any exceptions, in so far as the main charge is concerned, we are of opinion that the findings should not be disturbed, unless there was reversible error in the admission or rejection of evidence, or in the court's instructions to the jury.

The defendant's theory upon the trial was that the lands in front of its premises, above low-water mark, were under its control and dominion, and that the barge, being located upon such lands, or upon the waters over such lands, was in its control to the same extent as though it was upon its own premises; that in contemplation of law the barge where the plaintiff was injured was its premises; and that it owed no duty to the plaintiff other than not to wantonly injure him, this being the law declared by the court on appeal. Weitzmann v. Barber Asphalt Co., 190 N. Y. 452, 83 N. E. 477. There was some evidence in the case which might have supported a finding that the defendant was in possession of the premises, and the court, in charging the jury upon this point, said:

"If this accident happened on property owned by the defendant or leased to the defendant, they owed no duty to the boy except not to wantonly injure him. Of course, even then, if a boy was a trespasser and was on land belonging to a defendant, and the defendant wantonly and willfully injured him, seeing him in a dangerous place, where a reasonable man should have known that the act performed would injure him, if it was wanton injury, even in the case of a trespasser, there would be a duty not to wantonly or willfully injure him. But I leave it to you to say: Was this pontoon on part of the property of the defendant, or was it on property outside of the defendant's control? and was it property on the beach, and not on the land of the Asphalt Company or over which they had dominion?"

The question under consideration was who owned or controlled the property where the plaintiff was injured, and the reference to the relative duty of the defendant under different circumstances was merely by way of explanation, and no one took any objection or exception to the charge. Subsequently the defendant's counsel asked the court, among other things, to charge that "there is no evidence in the case to warrant a finding that the plaintiff's injury was wantonly or willfully inflicted upon him," and this the court declined to charge, except as it had already charged. The case was tried on the theory, not of wanton injury, but of negligence in the operation of the cableway, and there was no question of the kind submitted to the jury—no request to submit any such question. The action was recognized by the court as one depending upon whether the premises were owned or controlled by the defendant, and its main charge, to which no exception was taken, had submitted this question, with the explanation that, if the premises were under the control of the defendant, it owed no other duty than to abstain from wantonly injuring the plaintiff. This was a fair and proper statement of the law as it related to the issues under trial, and the court was not bound to charge as to whether there was evidence which would

support a finding upon some other issue, and one which was not submitted to the jury. The court must assume, no matter what the prejudices or experiences of counsel may be, that juries are reasonably intelligent, and that the province of instructions is not to declare whether there is evidence to support findings on matters not in issue, but to inform the jury what the law is in relation to the facts which they are justified in finding under the pleadings and the evidence. The charge as made by the court, and to which there were no exceptions, stated the law correctly as to the issue presented to the jury for determination, and the court, in declining to charge an abstract proposition, except as it had already charged, was obviously right.

We have examined the other exceptions urged upon this appeal, but find none which warrant the reversal of this judgment. The case seems to be practically identical in its evidence with that presented on a former appeal, at which time we held that the plaintiff was entitled to recover, and, the charge having conformed to the rules laid down by the Court of Appeals, the judgment and order appealed from should be affirmed, with costs. All concur.